

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LA SLAUSON SWAPMEET INC.,<br><br><br><br><br>Debtor(s). | Case No.: 2:12-bk-10801-NB<br><br>CHAPTER 11<br><br>**ORDER DENYING APPLICATION FOR HEARING ON SHORTENED NOTICE (DKT. 56) AND SETTING HEARING ON MOTION FOR RECONSIDERATION (DKT. 55)**<br><br>Date:        March 20, 2012<br>Time:        2:00 PM<br>Courtroom: 1545 |

On February 10, 2012, the Court entered an order (Dkt. 33) granting the motion of creditors Kayla Properties, LLC, Ethan 26, LLC, Leader Group Enterprises, LLC, Pacific Star Properties, LLC, Wall Street Enterprises, LLC and SSR, LLC (collectively, "Creditors") for relief from the automatic stay to pursue an unlawful detainer action in state court subject to the 14-day stay provided by Fed. R. Bankr. P. 4001(a)(3) (the "RFS Order"). The corresponding memorandum decision (Dkt. 32)[1] explained that relief was granted because (1) Creditors made a *prima facie* showing that the subject lease had already terminated pre-petition, which the debtor did not sufficiently rebut, and

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the memorandum decision.

1   (2) the debtor's alleged setoffs and other financial allegations were not sufficient to

2   show that all deficiencies could be cured or that the debtor could provide Creditors with

3   adequate protection.

4        On February 22, 2012, the debtor filed a motion for reconsideration of the RFS

5   Order under Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024) (the

6   "Reconsideration Motion") and supporting papers (Dkt. 55-61), including an application

7   for an order shortening time for a hearing on the Reconsideration Motion (the "OST

8   Application").  The Reconsideration Motion sets forth assertions of irreparable harm and

9   colorable, though not necessarily persuasive, arguments (a) that the lease might not

10   have terminated, or might have been reinstated, as of the date on which Debtors filed

11   their voluntary petitions commencing their bankruptcy cases, and (b) that the dollar

12   amount of Setoffs might be sufficient to equal or exceed the various dollar amounts that

13   Creditors have alleged are owing.

14        IT IS ORDERED that, pending the conclusion of the hearing on the

15   Reconsideration Motion, the RFS Order is modified as follows:  (a) the automatic stay of

16   11 U.S.C. § 362(a) is lifted as of close of business on Friday February 24, 2012, to the

17   extent of permitting the parties to proceed with litigating the merits of their disputes in

18   state court, but (b) the automatic stay shall continue to the extent of preserving the

19   status quo regarding occupancy of the property and collection of rents from subtenants.

20        IT IS FURTHER ORDERED that, to protect Creditors' interests pursuant to 11

21   U.S.C. § 361, Debtors are prohibited from undertaking any use of property of the estate

22   unless counsel for Debtors provide not less than 72 hours' prior notice via email to

23   counsel for Creditors of each proposed use, and in the event of a dispute regarding

24   what expenditures are appropriate, counsel for all parties are directed to meet and

25   confer regarding a date and time for a telephonic hearing and then telephone chambers

26   to arrange such hearing.  Debtors shall preserve and protect any property that they are

27   not authorized to use pursuant to this paragraph, and shall hold such property for

28   turnover to Creditors, or such other disposition as the Court may order in future.  In

1 | addition, Debtors shall provide Creditors with accountings, on Wednesday of each

2 | week, which shall include but shall not be limited to printouts of their online bank

3 | records (or the equivalent, if such printouts are not available).

4 |     IT IS FURTHER ORDERED that in view of the foregoing modifications to the

5 | RFS Order there does not appear to be sufficient cause to hear the Reconsideration

6 | Motion on an expedited basis so the Application is denied.

7 |     IT IS FURTHER ORDERED that a hearing on the Motion will be held **at the**

8 | **above-captioned time and place**.

9 |     IT IS FURTHER ORDERED that any opposition to the Motion must be filed and

10 | served on the debtor and debtor's counsel no later than **March 6, 2012**.

11 |     IT IS FURTHER ORDERED that any reply to opposition must be filed and served

12 | on the opposing party no later than **March 13, 2012**.

13 |     IT IS FURTHER ORDERED that the debtor must serve notice of the hearing and

14 | a copy of this Order on the U.S. Trustee, the Creditors, and the debtor's 20 largest

15 | unsecured creditors via U.S. mail no later than **February 24, 2012 at 5:00 p.m.**

16 |     IT IS FURTHER ORDERED that the debtor should file a proof of service for the

17 | notice and this order no later than two days before the hearing

18 |     ###

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 | FEB 2 3 2012

27 |

28 |

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER DENYING APPLICATION FOR HEARING ON SHORTENED NOTICE (DKT. 56) AND SETTING HEARING ON MOTION FOR RECONSIDERATION (DKT. 55)*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **2/23/12**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Gene W Choe    maria@choicelaw.org
- Russell Clementson    russell.clementson@usdoj.gov
- Joseph A Eisenberg    jae@jmbm.com
- Alexis M McGinness    amm@jmbm.com; vr@jmbm.com;fc3@jmbm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below.

**Debtor:**
LA Slauson Swapmeet Inc
1600 W Slauson Avenue
Los Angeles, CA 90047

☐  Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9021-1.1.NOTICE.ENTERED.ORDER**