**FILED & ENTERED**

MAR 07 2012

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LA SLAUSON SWAPMEET INC.,<br><br><br><br>Debtor(s). | Case No.: 2:12-bk-10801-NB<br><br>CHAPTER 11<br><br>**ORDER:**<br>**(1) TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7, OR WHY THE COURT SHOULD NOT APPOINT A CHAPTER 11 TRUSTEE;**<br>**(2) TO SHOW CAUSE WHY THE DEBTOR SHOULD NOT BE SANCTIONED FOR NON-COMPLIANCE WITH THIS COURT'S ORDERS; AND**<br>**(3) RESCHEDULING HEARINGS**<br><br>Date:    April 5, 2012<br>Time:    3:00 p.m.<br>Courtroom:    1545 |

On March 6, 2012 at or around 2:00 p.m., the Court held a continued status conference in this case and a hearing on, among other things, the application for employment (the "Employment Application") filed by the proposed counsel for the above-referenced debtor ("Debtor"). Appearances were as noted on the record. For the reasons stated on the record, the Employment Application will be denied by

-1-

separate order and the Court further rules as follows:

IT IS ORDERED that the Court will hold a hearing **AT THE ABOVE-REFERENCED TIME AND PLACE**, at which time Debtor must show cause:

(1) why the Court should not dismiss or convert this case under 11 U.S.C. § 1112(b), or appoint a chapter 11 trustee in this case under 11 U.S.C. § 1104(a), or grant alternative or additional relief to address the concerns identified at the above-referenced hearing on March 6, 2012; and

(2) why the Court should not sanction Debtor for failure to comply with the Court's previously issued order (Dkt. 65-1) which provides, among other things, that pursuant to 11 U.S.C. § 361:

(a) Debtor is prohibited from undertaking any use of property of the estate except on specified conditions,

(b) Debtor shall preserve and protect any property that it is not authorized to use, and hold such property for turnover to Kayla Properties, LLC, Ethan 26, LLC, Leader Group Enterprises, LLC, Pacific Star Properties, LLC, Wall Street Enterprises, LLC, and SSR, LLC (collectively, "Landlords") or for such other disposition as the Court may order in the future, and

(c) Debtor shall provide weekly accountings to Landlords, including bank records (the "Adequate Protection Order").

IT IS FURTHER ORDERED that Rochell Herzog (Bar No. 269660) is required to convey copies of this Order and the Adequate Protection Order to Debtor *no later than March 7, 2012 at 5:00 p.m.* and such copies shall be visibly marked in such a way as to **prominently highlight** the provisions of paragraphs "(1)" and "(2)" above and the provisions of the Adequate Protection Order summarized in paragraph "(2)" above as well as the provisions below for non-interference with Landlords' collection of all payments ("Rents") relating to the use or occupancy of the premises at issue.

IT IS FURTHER ORDERED that in view of the possibility that any party in interest may wish to be heard on the above matters, and in view of the Court's denial of

Debtor's application to employ counsel and the consequent need for some person other than Debtor's proposed counsel to provide notice, a copy of this Order shall be served by Landlords via U.S. mail on all persons listed on the Mailing Matrix in this case (which can be downloaded from the Court's CM/ECF system) on or before **March 7, 2012**;

IT IS FURTHER ORDERED that the deadline for the U.S. Trustee, Landlords, and any other party in interest to file and serve on Debtor and Debtor's counsel of record any papers that they may wish to file in response to this Order is **March 13, 2012.**

IT IS FURTHER ORDERED that the deadline for Debtor to file and serve any responses it may have to this Order and to any papers filed by the U.S. Trustee, Landlords, or any other party in interest is **March 29, 2012.**

IT IS FURTHER ORDERED that the hearing on Debtor's motion for reconsideration (Dkt. 55) of this Court's order granting Landlords' motion for relief from the automatic stay, and any amendments thereto, is continued to the above-referenced time and place.

IT IS FURTHER ORDERED as follows, in order to provide additional protection of Landlords' interests pursuant to 11 U.S.C. § 361, and in addition to the provisions of the Adequate Protection Order:

(a) <u>Trust Account</u>: Landlords shall establish a trust account, held by counsel for Landlords (the "Trust Account"), to collect and hold Rents;

(b) <u>Landlords' Communications With Subtenants</u>: Landlords may provide a copy and/or summary of this Order to any or all subtenants of the premises at issue (including any and all premises that Landlords assert are included within any rental agreements between them and Debtor, whether or not Debtor disputes such inclusion) (collectively, the "Premises"), and may otherwise communicate with such subtenants consistent with the provisions of this Order and with maintaining the status quo pending resolution of the disputes between Landlords and Debtor;

-3-

(c) <u>Payments by Subtenants</u>: Landlords may direct any or all subtenants of the Premises to make all future payments of Rents directly to the Trust Account, in accordance with any applicable nonbankruptcy law.

(d) <u>Termination of Directions to Subtenants</u>:  the direction to subtenants in the immediately preceding paragraph shall continue until such direction is terminated by either (i) notice by Landlords terminating such direction or (ii) an order of this Court or another Court of competent jurisdiction and authority;

(e) <u>No Prejudice to Subtenants</u>: Landlords' direction to such subtenants shall be structured so as not to impose any burden on such subtenants – for example, if Landlords wish funds to be wired or debited via an ACH transaction, then any costs beyond what such subtenants customarily pay shall be absorbed by Landlords;

(f) <u>Non-Interference by Debtor</u>:  Debtor shall not interfere with Landlords' communications with subtenants or collection of Rents as authorized in this Order;

(g) <u>Funds Held by Estate</u>:  Debtor shall not be required to turn over to the Trust Account any funds presently held as property of the bankruptcy estate, but Debtor shall continue to protect, preserve, and hold such funds pursuant to the provisions of the Adequate Protection Order;

(h) <u>Security Deposits</u>:  Debtor shall remain responsible for return of any security deposits claimed by any subtenants of the Premises, provided that no distribution shall be made to any subtenant who is an affiliate or insider of Debtor (as those terms are defined in 11 U.S.C. § 101(2) & (31)) unless authorized by further order of this Court, and provided further than any return of security deposits to subtenants shall comply with all applicable provisions of the Bankruptcy Code and applicable rules;

(i) <u>Authorized Expenditures</u>:  Landlords are hereby authorized to release funds from the Trust Account to pay any expenses that Landlords and Debtor agree

1  are necessary to maintain the Premises or otherwise maintain the status quo,
2  and in the event that they are unable to agree, they are directed to follow the
3  dispute resolution procedures set forth below;
4  (j) <u>Preservation of Remaining Funds</u>:  Landlords shall not make any other
5  distributions from the Trust Account unless and until directed to do so by an
6  order of this Court, or of a nonbankruptcy Court of competent jurisdiction and
7  authority (in the event that Debtor is no longer a debtor under the Bankruptcy
8  Code, 11 U.S.C. § 101 *et seq.*, or that the automatic stay has been modified
9  so as not to preclude any such order by a nonbankruptcy Court);
10  (k) <u>Accounting</u>:  Landlords shall provide such accountings as Debtor reasonably
11  may request, not more often than once per week, which may include but shall
12  not be limited to printouts of online bank records relating to the Trust Account
13  (or the equivalent, if such printouts are not available or would reveal
14  confidential information regarding other funds held in trust by counsel for
15  Landlords);
16  (l) <u>Dispute Resolution, or Modification</u>:  any parties in interest who are unable to
17  consensually resolve disputes regarding this Order, or who wish to modify the
18  terms of this Order, are directed to meet and confer regarding a date and time
19  for a telephonic hearing and then telephone chambers (at 213-894-6098) to
20  arrange such hearing.
21  ###

DATED: March 7, 2012

_____
United States Bankruptcy Judge

-5-

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER: TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED OR CONVERTED TO CHAPTER 7, OR WHY THE COURT SHOULD NOT APPOINT A CHAPTER 11 TRUSTEE; TO SHOW CAUSE WHY THE DEBTOR SHOULD NOT BE SANCTIONED FOR NON-COMPLIANCE WITH THIS COURT'S ORDERS; AND RESCHEDULING HEARINGS*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***3/7/12***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Gene W Choe     maria@choicelaw.org
- Russell Clementson     russell.clementson@usdoj.gov
- Joseph A Eisenberg     jae@jmbm.com
- Alexis M McGinness     amm@jmbm.com, vr@jmbm.com;fc3@jmbm.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Debtor's Proposed Counsel:**
Rochell Herzog
3250 Wilshire Blvd Ste 1200
Los Angeles, CA 90010

**Debtor:**
LA Slauson Swapmeet Inc
1600 W Slauson Avenue
Los Angeles, CA 90047

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*     **F 9021-1.1.NOTICE.ENTERED.ORDER**